## J. M. HERMAN ET AL. V. FRANK P. KNEIPP.

FILED NOVEMBER 9, 1899. No. 9,001.

1. **Bill of Exceptions: AUTHENTICATION.** Where the certificate of the trial court attached to the record states "that the foregoing is a true and perfect transcript of the record in the above entitled cause, except the bill of exceptions, which original bill is hereto attached," it is a sufficient authentication of such bill.

2. **Replevin: DEMAND: EVIDENCE.** When a defendant in replevin denies plaintiff's title and right of possession of the property, and pleads a right of possession thereof in himself, and prays a return of the property, proof of demand before the bringing of the action is unnecessary.

3. ——: **PLAINTIFF'S TITLE.** A plaintiff in replevin must recover, if at all, on the strength of his own title or right of possession.

ERROR from the district court of Greeley county. Tried below before KENDALL, J. *Reversed.*

*G. C. & E. E. Wright,* for plaintiffs in error.

*H. L. Ganoe, contra.*

NORVAL, J.

This was an action of replevin by Frank P. Kneipp to recover possession of three horses, in which he claimed a special interest by virtue of a chattel mortgage given him by one Thomas Healey. The defendant, J. M. Herman, filed a separate answer, denying each and every allegation contained in the petition, except that the horses were in his possession; alleging that no demand was made for the property prior to the institution of the action; and setting up an agistator's lien on the horses for their care and keeping, under and in pursuance of a contract with E. M. Healey, who claims to be their owner, and praying their return to him and that his lien as agistator be established. The defendant, J. J. Herman, answered, disclaiming any interest in the property in controversy. Plaintiff replied by a general denial. A trial

Herman v. Kneipp.

to the court, without jury, resulted in a finding and judgment in favor of plaintiff, and against the defendants. The latter have prosecuted error proceeding.

It is insisted by counsel for plaintiff below that the bill of exceptions is unauthenticated, and hence the same can not be considered. If the premises assumed by counsel were true, the conclusion drawn by him therefrom would be irresistible, for it is the doctrine of this court, recognized and applied in numerous decisions, that a bill of exceptions not authenticated as required by statute will be disregarded in the appellate court. But this record does not sustain the contention of counsel, and he evidently must have overlooked the certificate of the clerk of the district court attached to the transcript herein, in which is stated "that the foregoing is a true and perfect transcript of the record in the above-entitled cause, except the bill of exceptions, which original bill is hereto attached." This constituted a sufficient authentication of the bill of exceptions.

The horses were in the possession of J. M. Herman when replevied, and it is insisted that there can be no recovery because no demand for the property was made upon him before the action was commenced. Whether or not a demand was made is wholly immaterial, since said defendant in his answer pleaded a special interest in, and right to the possession of, the horses in himself, and prayed for their return to him. It is, therefore, evident that had a demand for the property been made by the plaintiff it would have been unavailing, and the failure to make such demand therefor will not defeat the recovery. See *Homan v. Laboo*, 1 Nebr., 204; *Aultman v. Steinan*, 8 Nebr., 109; *Flynn v. Jordan*, 17 Nebr., 519; *Ogden v. Warren*, 36 Nebr., 715; *Rodgers v. Graham*, 36 Nebr., 730; *Wilcox v. Beitel*, 43 Nebr., 457.

The findings and judgment are wholly unsustained by the evidence. The plaintiff introduced no proof to show that Thomas Healey ever owned the property in controversy, and, as plaintiff claimed the right of possession

18

of the horses solely by reason of a chattel mortgage given him by said Healey, it was incumbent on plaintiff to establish on the trial that the mortgagor owned the property, or at least had possession thereof when he executed the chattel mortgage. It is a familiar rule that a plaintiff in replevin must recover upon the strength of his own title or right of possession and not on the weakness of his adversary's. See *Goodman v. Kennedy*, 10 Nebr., 270; *Bardwell v. Stubbert*, 17 Nebr., 485; *St. John v. Swanback*, 39 Nebr., 841; *Kavanaugh v. Brodball*, 40 Nebr., 875. The introduction in evidence of the chattel mortgage was no proof that Thomas Healey had any interest in the property mortgaged. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.