UNION STATE BANK v. GEORGE HUTTON ET AL.

61  571
62  894

FILED MARCH 20, 1901.   No. 9,434.

1. **Chattel Mortgage: DESCRIPTION VOID FOR UNCERTAINTY.** A mortgage of chattels, where the property is described as "twenty-five (25) cattle, consisting of ten cows, seven steers, and eight heifers. The above described chattels are now in my possession, are owned by me," etc., and the parties mortgaging the same had in their possession at the time a larger number of the same kind and description, and there is no separation, designation or means of identification by which those mortgaged could be distinguished from the remainder of the herd, is void for uncertainty.

2. ———: ———: **IDENTIFICATION.** The description of property in a chattel mortgage will, as a rule, be held sufficient, where it will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property. *Buck v. Davenport Savings Bank*, 29 Nebr., 407.

3. **Evidence.** Evidence examined, and *held* to be insufficient to support the verdict of the jury.

ERROR from the district court for Clay county. Tried below before HASTINGS, J. *Reversed.*

*Thomas H. Matters,* for plaintiff in error.

*John C. Stevens, contra.*

HOLCOMB, J.

The plaintiff in error, also plaintiff below, brought an action in replevin for the possession of certain per-

sonal property consisting of two horses and a number
of cattle of all ages and both sexes, in which it claimed
a special ownership by virtue of a chattel mortgage exe-
cuted by defendant George Hutton to secure the pay-
ment of a promissory note for $430 and interest, which,
it was alleged, was past due and unpaid. Under the
writ of replevin the plaintiff obtained possession of the
property in controversy.' On the trial of the case, the
intervener, Charles C. Hurd, filed a petition in interven-
tion, claiming the right of possession of the same prop-
erty, and alleging a special ownership therein by virtue
of a chattel mortgage alleged to have been executed by
the same party to the intervener, to secure the payment
of a note for $563.61 and interest, which, it was alleged,
was past due and unpaid. On the trial of the case the
ownership of the property mortgaged was in dispute,
the defendant, Margaret Hutton, the wife of the mort-
gagor, claiming to be the owner thereof, and that the
defendant, George Hutton, had no legal right or author-
ity to create a lien thereon in favor of the plaintiff under
and by virtue of the mortgage he had executed. She
testified to her ownership of the property, and that the
mortgage to the plaintiff was given without any knowl-
edge on her part, or consent or authority from her; but
that the mortgage to the intervener, Hurd, which was
executed by her husband in his own name, was by her
authority and with her consent. Hutton also testified
that he did not own the property, that it belonged to his
wife, and that he so advised the plaintiff when he exe-
cuted the mortgage in its favor; and also testified to
substantially the same facts as his wife as to ownership
and the circumstances of giving the mortgage to the in-
tervener. The jury in their verdict found for the inter-
vener as to all the cattle in controversy save three calves,
the right of possession of which they found to be in Mrs.
Hutton, finding the value of the calves to be $18; and
also one bull, the right of possession of which they found
to be in the defendant, George Hutton, finding the value

of the animal to be $20. As to the two horses replevied, one claimed by Mrs. Hutton and one by a son, the jury found in favor of plaintiff under its claim by virtue of its mortgage.

It is contended by plaintiff in error that the finding of the jury as to the disputed ownership of the property was that it belonged to the defendant, George Hutton, while the defendants in error insist that it should be construed as finding that Mrs. Hutton owned the property and as against the plaintiff in error on that issue. We confess the finding is something of an enigma, and in irreconcilable conflict with itself. What the finding really is with relation to the disputed ownership of the property is undeterminable from the verdict itself. It is not a logical result of the evidence under the issues joined.

The question of ownership becomes material in another aspect of the case. It is argued by the plaintiff in error that the mortgage in favor of the intervener is void for uncertainty, leaving as a valid lien on the property its own mortgage, which is subsequent in time. The description of the property in the mortgage of the intervener is as follows: "Twenty-five (25) cattle, consisting of ten cows, seven steers, and eight heifers. The above described chattels are now in my possession, are owned by me," etc. From the evidence it appears that at the time of the execution of the mortgage the defendants Hutton had in their possession some forty or more head of cattle answering to the same description. While it is possible that the mortgage on the cows mentioned, aided by inquiries which are suggested by the mortgage itself, might lead to an identification of the property, it is entirely clear that, as to the remainder of the mortgaged property, it is wholly uncertain and indefinite, and void for that reason. The description, "steers" and "heifers," applies to any of a large number of the same description which defendants had in their possession at the time, and of which

it is impossible to identify the particular animals and number included in the mortgage, because no separation or designation was made at the time, by which those mortgaged could be distinguished from the remainder of the herd by any means whatsoever. The description as to this portion of the mortgaged property, at least, comes clearly within the rule laid down in *Price v. McComas*, 21 Nebr., 195. It is there said: "The description of the property intended to be mortgaged should be such as to distinguish it from other chattels, or should contain some hint to direct such parties as may examine the mortgage to any source of information beyond the words of the same. The description should be such as to enable third parties to identify the property, aided by inquiries which the mortgage itself indicates and directs" citing *Elder v. Miller*, 60 Me., 118; *Skowhegan Bank v. Farrar*, 46 Me., 293; *Chapin v. Cram*, 40 Me., 561; Herman, Chattel Mortgages, sec. 73. In *Buck v. Davenport Savings Bank*, 29 Nebr., 407, it is said: "The description of property in a chattel mortgage will, as a rule, be held sufficient where it will enable a third party, aided by inquiries which the instrument itself suggests, to identify the property." Under the description given of that portion of the property referred to, it is wholly impossible to identify those covered by the mortgage, or distinguish them from others of like kind kept on the farm, and there being a failure of proof in this respect, we must hold the mortgage as to such property void for uncertainty. The rule announced is also sustained in *Lafayette County Bank v. Metcalf*, 29 Mo. App., 384; *Caldwell v. Trowbridge*, 26 N. W. Rep. [Ia.], 49; *Stonebraker v. Ford*, 81 Mo., 532; *Commercial State Bank v. Elevator Co.*, 85 N. W. Rep. [S. Dak.], 219.

The verdict, wherein it finds the right of possession of certain of the property in the defendant, George Hutton, and the right of possession of certain other of the property in Mrs. Hutton, without finding the value of such possession, or that they had the right of property,

First Nat. Bank of Sutton v. Grosshans.

is complained of. Whether the verdict will support a judgment in their favor for a return of the property, or, in case a return can not be had, for its value as found by the jury, need not be determined in view of the conclusion reached as to the void description of the property in the mortgage of the intervener. The verdict does not fully correspond to the requirements of the statute. Another verdict, however, would not probably be subject to the same objections. We observe no other error in the record. For the reasons given, the judgment must be reversed, and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

REVERSED AND REMANDED.