FARMERS & MERCHANTS STATE BANK, APPELLEE, v. JOHN SUTHERLIN, APPELLANT.

FILED MAY 17, 1913.   No. 17,211.

1  Chattel Mortgages: DESCRIPTION OF PROPERTY. A description in a chattel mortgage which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property is sufficiently definite.

2.  ———: RECORDING: REMOVAL OF PROPERTY. Where a mortgagor removes property from another state into this state, without the consent of the mortgagee, which has been incumbered by a mortgage duly recorded and valid under the laws of the former state, such removal does not invalidate the recording of such mortgage, nor necessitate the recording of it again in the county in this state to which the mortgagor has removed· with the property.

APPEAL from the district court for Gage county: LEANDER M. PEMBERTON, JUDGE. Affirmed.

A. D. McCandless, for appellant.

E. N. Kauffmann, contra.

LETTON, J.

This is an action in replevin to recover possession of a horse. Plaintiff had judgment, and defendant appeals.

The case was tried on an agreed statement of facts, which shows that on the 11th day of October, 1909, M. M. O'Leary and I. F. Reed executed and delivered to the plaintiff at its bank in Greenleaf, Kansas, a mortgage note for the sum of $375, due in one year from that date, and pledged as security for the debt: "One span of bay geldings, 7 and 8 years of age, weight about 2,500 lbs., named 'Charlie and John.' One 1½ work harness. One 3¼ lumber wagon. All property this day bought of Guy Scott." The mortgage was filed for record on the 12th day of October, 1909, in the office of the register of deeds of Washington county, Kansas, and duly recorded in book 31 of chattel mortgage records of said county, as required by the laws of Kansas. The mortgage was never at any time filed or recorded in Gage county, nor in any other county in Nebraska. About May 1, 1910, O'Leary being then in Wymore, Nebraska, and having one of the horses in his possession, sold the same to the defendant, John Sutherlin. Sutherlin had no actual notice of the fact that the horse was mortgaged, and acted in good faith. It is admitted that the debt secured by the note had not been paid at the time this suit was commenced, and that the horse was taken from Washington county, Kansas, without the consent of the mortgagee.

Appellant contends, first, that the mortgage is void for uncertainty in the description; second, that the filing or recording of a chattel mortgage in Kansas is not constructive notice to a subsequent purchaser in good faith in Nebraska.

1. The rule adopted in Kansas as to the sufficiency of a description in a chattel mortgage is that "a description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property is sufficient." *Mills v. Kansas Lumber Co.*, 26 Kan. 574. *Griffiths v. Wheeler & Barber*, 31 Kan. 17; *Inter-State Galloway Cattle Co. v. McLain*, 42 Kan. 680. The mortgage, therefore, was not void as indefinite in that state. The rule in Nebraska is identical. *Rawlins v. Kennard & Son*,

26 Neb. 181; *Union State Bank v. Hutton,* 61 Neb. 571.
We conclude, therefore, that the description is sufficiently
definite.

2. The most important point is whether the mortgage is
valid in this state against an innocent purchaser of the
property from the mortgagor, the mortgage not having
been filed in the office of the county clerk in any county
in this state.   This seems to be a new question in this
court.   The general rule, as stated in Jones, Chattel Mort-
gages (5th ed.) sec. 299, is as follows: "The law of the
place of contract, when this is also the place where the
property is, governs as to the nature, validity, construc-
tion, and effect of a mortgage, which will be enforced in
another state as a matter of comity, although not executed
or recorded according to the requirement of the law of the
latter state."   In support of this general principle, cases
are cited from Alabama, Arkansas, Connecticut, Kansas,
Maine, Maryland, Massachusetts, Minnesota, Mississippi,
New Hampshire, New York, North Carolina, Ohio,
Pennsylvania, South Carolina, Utah and Wyoming.

A different rule prevails in those states which have not
substituted the filing or recording of chattel mortgages for
the delivery of possession of the property pledged, as is
required at common law, and also in such states as re-
quire by statute the refiling or re-recording of mortgages
on property brought from other states.   Jones, Chattel
Mortgages (5th ed.), sec. 300.

In *Corbett v. Littlefield,* 84 Mich. 30, the supreme court
of Michigan refused to enforce a chattel mortgage given
in Nebraska, and duly filed in this state, from one citizen
of this state to another on property within the state which
was taken to Michigan without the consent of the mort-
gagee.   This holding is an exception to the general rules
of comity prevailing between the states, and is in con-
flict with that of the majority of courts in this country.

This court has heretofore held, on the authority of
*Snyder v. Yates,* 112 Tenn. 309, 64 L. R. A. 353, that a
chattel mortgage duly recorded in one state will not, under

the doctrine of comity, be given priority by the courts of another state to which the chattels are removed, with the consent of the mortgagee, over local attaching creditors who had no actual notice of the mortgage. *Pennington County Bank v. Bauman,* 87 Neb. 25. The decision in the latter case seems to have been mainly based upon another ground. In any event, it would seem that there is a distinction between a case where a mortgagee voluntarily permits the mortgagor to remove the same into another state, there to become subject to the laws of that state, and a case where the property is moved without his consent and regardless of the rights secured to him by the mortgage. In the one case, he is willing to place his security in a position where his rights may come in conflict with those of the citizens of the state to which the property is removed, and he has no right to complain if the courts of that state hold that he has waived his right of priority by failing to take possession, and that his claims are subsequent to that of its own citizens. In the other case, his property has been taken away in despite of him and without his consent, and he must rely upon the comity of the state to which it has been taken to enforce the validity of the contract and protect his rights.

The states of Kansas and Nebraska are divided by an imaginary line over 300 miles long. So far as commercial transactions of the border counties are concerned they practically constitute one commonwealth. We believe that considerations of comity and of the value of active commercial intercourse require the enforcement of the rights of the mortgagee, even as we would enforce the rights of a citizen of this state, holding a duly filed chattel mortgage, against a purchaser of property living in a county of this state hundreds of miles removed from the place of contract, and without actual notice of the existence of the mortgage.

In *Handley v. Harris,* 48 Kan. 606, the facts were that certain personal property was mortgaged in Nebraska, the mortgage duly filed and recorded here, and the property

taken to Kansas by the mortgagor, and there sold and de-
livered by him to a purchaser, without notice. The mort-
gagee brought replevin and prevailed, the court holding
that, "where a mortgagor removes property from another
state into this state, which has been incumbered by a mort-
gage duly recorded and valid under the laws of the former
state, such removal does not invalidate the recording of
such mortgage, nor necessitate the recording of it again
in the county in this state to which the mortgagor has
removed with the property. The constructive notice im-
parted by the recording of such mortgage, by the law of
comity between the different states, is not confined to the
county or state where the mortgage was executed and the
property then was, but covers the property wherever it is
removed." This case was followed in *Ord Nat. Bank v.
Massey*, 48 Kan. 762, in which another Nebraska mort-
gage was held to be valid in Kansas, without refiling.

The principles of comity should apply equally well both
north and south of the Kansas-Nebraska line, and, since
our sister commonwealth has accorded to our citizens the
right to follow property upon which they hold a lien, it
would be but a poor return if we failed to accord the same
right to the citizens of Kansas. We prefer not to adopt
the views expressed by the Michigan court, and to hold
that the buyer only obtained the rights of the seller sub-
ject to the mortgage lien.

The judgment of the district court is

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

BARNES, SEDGWICK and HAMER, JJ., not sitting.