GREEN FINANCE COMPANY, A CORPORATION, APPELLEE, v. ARNOLD BECKER, APPELLANT.

37 N. W. 2d 794

Filed June 10, 1949.   No. 32597.

Clarence E. Haley, for appellant.

Lon S. Haymes and Philip H. Robinson, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action in replevin. The plaintiff's petition sets forth that the plaintiff is a duly organized corporation doing business in Springfield, Missouri; further alleges it has a special property in one Frazer Manhattan sedan, and sets forth facts by which it claims the right of replevin. The affidavit in replevin is in accordance with the petition. The defendant, by answer, denies generally the allegations contained therein, and by way of answer and cross-petition, asserts that the defendant purchased the automobile in question and is the owner

thereof, an innocent purchaser for value, and prays dismissal of the plaintiff's action.

At the close of all the evidence the plaintiff moved for a directed verdict on the ground that there was no material question of fact for submission to the jury on which there was any substantial controversy or upon which there was any evidence to sustain a judgment for the defendant. Damages were not involved. The court sustained the motion for directed verdict. Judgment was entered on the verdict that the plaintiff's right of possession in and to said property at the commencement of this action be affirmed. Upon the overruling of the motion for new trial, the defendant appeals.

For convenience, the parties will be referred to as originally designated in the district court.

It appears from the record that on or about February 18, 1948, Marvin L. Bard and Mary E. Bard, his wife, then being the owners of a 1948 model Frazer Manhattan four-door sedan which they had purchased from the Green Motor Company of Springfield, Missouri, which has some connection with the plaintiff, drove the automobile, accompanied by one Irby Donelson, to the plaintiff's place of business where they contacted Robert R. Green, president of the corporation, the purpose being to sell the automobile in question to Irby Donelson. Papers were drawn in the presence of Robert R. Green transferring the automobile from the Bards to Irby Donelson. At the same time, and as a part of the transaction, Irby Donelson executed and delivered to Marvin L. Bard and Mary E. Bard a promissory note in the amount of $2,244.60, dated February 18, 1948, stating certain payments to be made within a period of 13 months after date of the instrument, and executed a chattel mortgage on the automobile to secure the promissory note. This promissory note and the chattel mortgage were immediately sold and assigned by the Bards to the plaintiff. On February 27, 1948, the plaintiff filed the chattel mortgage with the recorder of deeds in Greene County, Missouri, where the mortgage

has been of record since that date, in accordance with the provisions of section 3486, Revised Statutes of Missouri, 1939.

This statute is too long to set out in the opinion, however the substance of the section is that a chattel mortgage, or a true copy thereof, may be filed in the office of the recorder of deeds of the county where the mortgagor resides; that the recorder of deeds shall endorse on the instrument, or copy, the time of receiving the same; and that such chattel mortgage so filed shall henceforth be notice of the contents thereof to all the world.

At the time of the transaction, the certificate of title of the Bards was assigned to Irby Donelson. This assignment showed a mortgage to the plaintiff as a lien on the automobile. On March 15, 1948, Irby Donelson made application to the Department of Revenue, Motor Vehicle Registration of the State of Missouri, for a new certificate of title. This application also discloses the mortgage to the plaintiff. On the same date the DeLuxe Auto Upholstery & Polish Shop, by Irby Donelson, made application through the same department for a certificate of title covering this automobile. This application and the certificate of title issued thereon showed the amount of plaintiff's mortgage. The sum of $144.37 was paid on the promissory note as before described, on March 25, 1948. No further payments were made thereon. Subsequently, the time not known, Irby Donelson left Springfield, Missouri, and had not been heard from at the date of trial. The plaintiff, because of default in payments, attempted by letter to locate the automobile in question, and on or about May 5, 1948, was advised by the Motor Vehicle Division of the State of Nebraska that the automobile involved herein had been registered in Cedar County, Nebraska, by the defendant. The removal of the automobile from Greene County, Missouri, and its subsequent sales to various parties and finally to the defendant, were all without the consent or knowledge of the plaintiff. The plaintiff, upon learning of the location of

the automobile, made a demand therefor through the sheriff of Cedar County, Nebraska. The defendant refused to give the sheriff possession of the car upon such demand.

The testimony in behalf of the defendant was, in substance, as follows: He had for a number of years, and was at the time of trial, engaged in the pursuit of farming, and was a resident of Cedar County, Nebraska. On or about April 19, 1948, one Joe Loecker, a salesman of automobiles for the Bell Motor Company of Kansas City, Missouri, who had formerly been a salesman of automobiles in Cedar County, Nebraska, and was known by the defendant, brought the automobile in question to the defendant's farm. The defendant purchased the automobile and gave his check to Loecker in the amount of $2,350. The check in due course was paid. The defendant received from the Bell Motor Company a Missouri certificate of title showing on its face that the car was free of liens. On April 26, 1948, the defendant made application to the county clerk of Cedar County, Nebraska, for a Nebraska title to said car, and surrendered to the county clerk the certificate of title given to him by the Bell Motor Company. The county clerk retained the Missouri certificate of title for his records, and there was issued to the defendant a Nebraska title to the automobile. Subsequently the defendant secured from the county treasurer of Cedar County a certificate of registration of the car in his own name, and was issued license plates therefor.

There is nothing in the record to disclose that the defendant made any inquiry of Mr. Loecker, or was advised by him that the car was free of all encumbrances, and that he would furnish a clear title.

The defendant contends that the court erred in directing a verdict against him, and that the evidence was insufficient to sustain the judgment entered.

The law is well established in this jurisdiction: "A motion for a directed verdict must for the purpose of

decision thereon be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed." Gutoski v. Herman, 147 Neb. 1001, 25 N. W. 2d 902; McIntosh v. Union P. R. R. Co., 146 Neb. 844, 22 N. W. 2d 179. We take cognizance of this rule in determining this appeal.

The defendant contends that there was not a proper demand made upon him prior to the institution of the replevin suit. The record shows that the sheriff of Cedar County, pursuant to the request of the plaintiff, asked the defendant to deliver to him the automobile in question. The defendant, in his answer and cross-petition, denied the plaintiff's title and right of possession; pleaded the right of possession of the automobile in himself; and prayed that he be adjudged to be entitled to the possession of the same as a bona fide and innocent purchaser in good faith, and that judgment be rendered accordingly.

"When a defendant in replevin denies plaintiff's title and right of possession of the property, and pleads a right of possession thereof in himself, and prays a return of the property, proof of demand before the bringing of the action is unnecessary." Herman v. Kneipp, 59 Neb. 208, 80 N. W. 816. See, also, Wilcox v. Beitel, 43 Neb. 457, 61 N. W. 722.

The defendant contends that the record is void of proof that the chattel mortgage involved in this action was filed with the recorder of deeds in Greene County, Missouri, and the general denial contained in the defendant's answer required the plaintiff to establish by competent evidence the filing of the chattel mortgage.

The record shows that the witness Green testified positively that after the execution of the mortgage it was filed with the recorder of deeds in Greene County, Missouri, on February 27, 1948. There was no objection made by the defendant to this evidence. There is no testimony in behalf of the defendant that denied the mortgage was owned by the plaintiff and not properly

filed of record, and such facts are not controverted in any manner.

The general rule is: "The mortgagee's burden of proving that the mortgage was properly recorded, or the burden of proving, by one who asserts it, that the recordation was invalid, may be sustained by any competent evidence sufficient to establish the necessary facts." 14 C. J. S., Chattel Mortgages, § 166, p. 775.

The cases of Noll v. Kenneally, 37 Neb. 879, 56 N. W. 722; Fuller v. Brownell, 48 Neb. 145, 67 N. W. 6; and Drexel v. Murphy, 59 Neb. 210, 80 N. W. 813, relied upon by the defendant, are not applicable in the instant case. The evidence in the instant case was sufficient to prove the filing of the mortgage with the recorder of deeds of Greene County, Missouri. The defendant's contention is without merit and is overruled.

The plaintiff was without knowledge and did not give its consent to the removal of this automobile from the State of Missouri, and had no knowledge of the subsequent transfers of title, or that the automobile had been taken out of the State of Missouri and brought into the State of Nebraska until it ascertained such fact from the Motor Vehicle Division of Nebraska.

By weight of authority, a mortgage, if valid and properly executed and recorded according to the law of the state where the mortgage is executed and the property at the time is located, will be held valid even as against bona fide creditors and purchasers in another state to which the property is removed by the mortgagor or those who hold title through him, unless it contravenes the statute or settled law or policy of the forum. Under this rule, the due execution and recordation of the mortgage, in the state where made and where the property is located, operates as at least constructive notice of the mortgage lien to all persons dealing with the property in the state to which it is removed, and, in the absence of a statute to the contrary, the mortgage is enforceable in the state to which the property has been removed.

See, 14 C. J. S., Chattel Mortgages, § 15, p. 607; 5 R. C. L., Chattel Mortgages, § 21, p. 399.

The following authorities from the State of Nebraska and the State of Missouri disclose that each of said states gives recognition to the rule heretofore set out under the doctrine of comity, and are pertinent to the instant case.

In the case of Farmers & Merchants State Bank v. Sutherlin, 93 Neb. 707, 141 N. W. 827, 46 L. R. A. N. S. 95, Ann. Cas. 1914B 1250, the court said: "The most important point is whether the mortgage is valid in this state against an innocent purchaser of the property from the mortgagor, the mortgage not having been filed in the office of the county clerk in any county in this state. This seems to be a new question in this court. The general rule, as stated in Jones, Chattel Mortgages (5th ed.) sec. 299, is as follows: 'The law of the place of contract, when this is also the place where the property is, governs as to the nature, validity, construction, and effect of a mortgage, which will be enforced in another state as a matter of comity, although not executed or recorded according to the requirement of the law of the latter state.' " In support of this general principle the court refers to several states which have adopted the afore-cited rule. The court held: "Where a mortgagor removes property from another state into this state, without the consent of the mortgagee, which has been incumbered by a mortgage duly recorded and valid under the laws of the former state, such removal does not invalidate the recording of such mortgage, nor necessitate the recording of it again in the county in this state to which the mortgagor has removed with the property."

In the case of Yellow Manufacturing Acceptance Corp. v. Rogers and Schooler, 235 Mo. App. 96, 142 S. W. 2d 888, the court said: " 'Comity' is neither a matter of absolute obligation or mere courtesy or good will, but is the doctrine under which contracts made, rights ac-

quired, and obligations incurred in one State are enforced by the courts of another State unless there is some definite public policy preventing the recognition of such right or title."

In the case of Wisdom v. Keithley, 237 Mo. App. 76, 167 S. W. 2d 450, the court held: "A chattel mortgage, properly executed and recorded according to the law of the state where the mortgage is executed and the property is located, will, if valid in such state, be held valid as against existing creditors and subsequent purchasers in another state to which the property may be removed by the mortgagor without the mortgagee's consent, unless the mortgage or transaction is of a character to contravene some statute or settled law or policy of the forum; the matter being one resting upon the principle of comity between states.   * * * Insofar as the State of Missouri may be said to have a policy with respect to chattel mortgages validly executed in another state upon property located in such state, it is, upon the principle of comity, to enforce such mortgages according to their terms, and this notwithstanding the fact that upon the removal of the property to Missouri without the mortgagee's consent citizens of Missouri may become innocently involved to their loss and prejudice in their subsequent dealings with the property."   See, also, 10 Am. Jur., Chattel Mortgages, § 21, p. 729; 5 R. C. L., Chattel Mortgages, § 21, p. 399.

"A buyer of personalty subject to a mortgage of which he has constructive notice takes whatever title he may acquire in hostility to mortgagee, and does not become 'purchaser in good faith for value' as against such mortgage."  14 C. J. S., Chattel Mortgages, § 163, p. 768.

The evidence is insufficient to warrant the submission to the jury of the question as to whether or not the defendant was an innocent purchaser for value, and the trial court did not err in failing to submit such defense.

For the reasons herein stated, the judgment of the district court is affirmed.

AFFIRMED.