WHITE MOTOR CREDIT CORPORATION, A CORPORATION, APPELLEE AND CROSS-APPELLANT, V. SAPP BROS. TRUCK PLAZA, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE.

249 N. W. 2d 489

Filed January 19, 1977. No. 40760.

Crosby, Guenzel, Davis, Kessner & Kuester and Roberta S. Stick, for appellant.

Wayne J. Mark of Fraser, Stryker, Veach, Vaughn & Meusey, for appellee.

Heard before SPENCER, BOSLAUGH, NEWTON, and BROD-KEY, JJ., and BURKE, District Judge.

SPENCER, J.

This is a replevin action to recover possession of a 1972 White Freightliner truck, and for damages. The trial court sustained plaintiff's motion for a directed verdict on the question of the right to possession and ownership of the truck. It sustained defendant's motion to dismiss on the issue of wrongful detention. It found negligence on the part of defendant after assuming custody and control of the truck, and awarded plaintiff damages in the amount of $6,000. Defendant appeals and plaintiff cross-appeals.

Defendant alleges the trial court erred in not sustaining its motion to dismiss on the issue of negligence, and in overruling its motion for a new trial. Plaintiff cross-appeals on the dismissal of its claim for wrongful detention. We sustain the plaintiff's cross-appeal, and reverse the judgment of the trial court in sustaining the motion to dismiss the issue of wrongful detention.

On December 31, 1971, White Motor Corporation sold to Missouri Minerals, Inc. ("Missouri"), a number of 1972 White Freightliner tractors, including the one in issue herein. The sale was made under a security agreement which was assigned the same day to the plaintiff herein, and filed with the county clerk of Douglas Coun-

ty, Nebraska. The agreement was also noted on the certificate of title as the first lien against the truck.

"Missouri" was in default on the payments due December 15, 1973, and thereafter, up to and including the one due on August 15, 1974. In August of 1973, defendant detained the truck at its truck plaza. Sapp placed a chain on it and refused to let it go until a bill of $8,973.80 was paid. At that time, Bill Sapp took possession, custody, and control of the keys to the truck for the defendant.

On August 24, 1973, Sapp brought an action in the District Court for Sarpy County, Nebraska, to collect money owed for fuel, labor, and services furnished to "Missouri." As a part of that action, Sapp filed an attachment proceeding against the truck. Plaintiff was not a party to that action. On October 5, 1973, an order of attachment was levied on the truck. Pursuant to this order, the sheriff of Sarpy County attached the truck, which was located at defendant's place of business. The sheriff left the truck in the custody and control of the defendant. Because of a defect in the attachment procedure, a subsequent order of attachment was issued on December 28, 1973, and executed by the sheriff.

In September of 1973, an action involving the truck was filed in the United States District Court for the District of Nebraska. In this action plaintiff claimed a superior interest in the truck and alleged its wrongful detention.

At the time of the December attachment, the sheriff had the truck appraised. The figure shown on the appraisal form is $6,000. However, the testimony of one of the appraisers was adduced. He testified that his appraisal of the tractor was $22,000. Because of a transposition, it was listed on the appraisal form at $6,000. The $6,000 figure was meant for a trailmobile trailer and the $22,000 figure for the tractor involved herein.

Subsequent to this appraisal, the defendant moved the truck to Blair, Nebraska, and put it in a fenced lot

it owned at that point. On the advice of its attorney, the truck was brought back to the truck plaza early in 1974.

On July 1, 1974, the truck was damaged at the truck plaza when a second truck rolled into the front of it. Subsequent to this, pilferage of parts of the truck began to occur. On January 1, 1975, the sheriff had Neff Towing take the truck to its lot. There was no estimate made of the value of the truck at that time. In May 1975, at the direction of plaintiff, the truck was appraised and valued at between $2,500 to $3,000. It was subsequently sold on June 18, 1975, for $4,100.

Plaintiff alleges that during the period following the December 28, 1973, attachment defendant exerted custody and control over the truck. It retained the keys to the truck. It determined where the truck would be parked. It winterized the truck in November of 1973, and ordered the truck moved to Blair and returned. It exercised these acts of dominion and control without the knowledge or consent of the sheriff.

Plaintiff further alleges defendant had knowledge of the deterioration occurring at all times while it exercised dominion and control over the truck. It abandoned the property and wholly failed to guard against deterioration. It was aware of the extensive pilferaging occurring to the truck during the period from February 1974, to January 17, 1975. It did not report the damage and pilferage to the sheriff until substantial damage had occurred. This defendant denies.

On December 15, 1973, prior to the attachment of the truck, "Missouri" was in default of its security agreement. In fact, it was in default in August of 1974. On September 11, 1974, plaintiff made demand upon defendant for the return of the truck by delivery of a copy of the affidavit in replevin, temporary restraining order, and summons upon William Sapp. Following the service of this demand, plaintiff alleges the deterioration con-

tinued until January 1975, when the sheriff removed the truck to Neff Towing for safekeeping.

Defendant does not contest the trial court's holding that plaintiff was entitled to possession and ownership of the truck. Plaintiff had a superior interest under section 60-110, R. R. S. 1943, since its lien was noted on the certificate of title.

Defendant does argue plaintiff was not the real party in interest until after the trial court gave plaintiff temporary possession of the truck on April 29, 1975, and urges that plaintiff can only recover damages occurring after that date. The evidence, however, is undisputed that "Missouri" was in default on December 15, 1973. Plaintiff had a contractual and statutory right to possession on that date. An appraisal of the truck was made on December 28, 1973.

Defendant further argues that when the sheriff executes an order of attachment on personal property, the attached property is considered to be in his custody and control. It argues further that it was the sheriff's duty to take the necessary steps to protect the attached personal property, not the defendant's duty. The fact that there may be liability on the part of the sheriff for what happened to the truck while it was constructively in his possession does not relieve the defendant.

Defendant had taken possession of the vehicle before its first attachment, by chaining the vehicle and taking possession of the key. When the sheriff levied the defective attachment, he left the property in the possession of the defendant, which was the attaching party. After the December attachment, he again left the truck in the possession and control of the defendant. Sapp was in the business of servicing and storing trucks and maintained a parking lot for that purpose. There is no question on this record the defendant, who had actual possession, exercised dominion and control over the truck from August 1973, to January 17, 1975.

Defendant owed a duty of reasonable care to prevent

damage and pilferage. It is undisputed that the damage which resulted occurred while the truck was in the defendant's custody. The evidence supports the District Court's determination that defendant's actual possession and negligent supervision was the sole proximate cause for the damage. In determining the sufficiency of the evidence to sustain a judgment, that evidence must be considered most favorably to the successful party, and he is entitled to the benefit of any reasonable inferences derived from it. Henkle & Joyce Hardware Co. v. Maco, Inc. (1976), 195 Neb. 565, 239 N. W. 2d 772.

In attempting to understand the trial court's ruling on defendant's motion to dismiss on the issue of wrongful detention, we assume it did so on the basis that the truck was seized at a time before plaintiff was entitled to possession. We deduce this from the fact that the trial court excluded all evidence of events prior to the attachment by the sheriff under the order of December 28, 1973.

As stated in 66 Am. Jur. 2d, Replevin, § 24, p. 850: "An action in replevin lies to recover possession of personal chattels that are unlawfully detained, regardless of whether the original taking was wrongful. It is founded solely on the claim that the defendant wrongfully withholds the property sought to be recovered." Stated otherwise, the issue is not whether defendant was wrong in seizing the truck from "Missouri," but whether plaintiff is entitled to possession as against defendant. Section 25-1093.01, R. R. S. 1943, does not require a wrongful seizure.

Generally the rights of an artisan making repairs to a chattel at the request of the possessor is subordinate to the rights of those having liens of which the artisan has constructive or actual notice. We have heretofore held that plaintiff had a superior interest under section 60-110, R. R. S. 1943. That section provides that a security agreement noted on the certificate of title "shall be valid as against the creditors of the debtor, whether

armed with process or not, * * *." See Allied Inv. Co. v. Shaneyfelt (1956), 161 Neb. 840, 74 N. W. 2d 723.

Damages are recoverable in a replevin action in Nebraska. The applicable statute is section 25-10,105, R. R. S. 1943, which provides: "In all cases where the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on an issue joined, or an inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which with costs of suit, the court shall render judgment for plaintiff." Such damages are normally for interest or loss of use of the property. The statutory language is broad enough, however, to permit recovery for depreciation and deterioration where the property is returned to plaintiff, and we so find. Plaintiff in this case seeks only the special damages for deterioration and damage to the truck during the period of wrongful detention.

Damages allowed for wrongful detention are succinctly stated in Schrandt v. Young (1901), 62 Neb. 254, 86 N. W. 1085. Although that case involved damages recoverable by a defendant under the predecessor statute to section 25-10,103, R. R. S. 1943, the language is equally applicable where judgment is for the plaintiff. The court stated, so far as material herein: "He may recover, * * * (3) if loss, deterioration or depreciation occur while the property is withheld, then the amount of such loss, damage or depreciation, to be conditioned, however, upon return of the property, the alternative judgment for the value being fixed as of the date of the taking. Moreover, the damages for detention must be such as grow out of the detention and are connected with or incident to the contest over possession."

In 77 C. J. S., Replevin, § 271, p. 195, we find the following: "Subject to some qualifications, the party recovering possession of the property is entitled to recover as damages any deterioration or depreciation in the value which has taken place during the wrongful

detention." That same authority states the measure of damages as follows: "* * * where depreciation in the value of the property is allowed as an element of damage in replevin, it is estimated as the difference between its fair market value at the place and time of its wrongful taking or detention and such value at the time of the trial, * * *. In some cases the difference between the value of the property at the date of the commencement of the unlawful detention and its value on the date on which it was delivered to the prevailing party has been regarded as the proper measure of depreciation, * * *."

The appraised value of the truck on December 28, 1973, was $22,000. In May 1975, it was appraised at a top of $3,000. However, the property was sold in June 1975, for $4,100. This fact appears in the record but was not admitted in evidence. It should, however, be considered as the value of the property at the time it was delivered to the plaintiff. This would indicate deterioration in the value of the truck of $17,900. On the record this would appear to be the amount of loss sustained by the plaintiff, for which defendant would be liable.

Plaintiff, however, claims only a special interest in the property, so the measure of its damage is the amount of its lien with interest and costs within the value of the property. See Underwriters Acceptance Corp. v. Dunkin (1950), 152 Neb. 550, 41 N. W. 2d 855. Ten tractors were sold to "Missouri." While plaintiff argues that its balance due is far in excess of the amount involved herein, the evidence does not disclose the amount outstanding on the one tractor involved in this action. Exhibit 10 shows a balance of $70,396, but this appears to be for the 10 trucks. The amount due on the truck involved herein should be determined and the liability of the defendant is that amount up to $17,900.

Defendant has raised another issue. The plaintiff never made formal demand for the return of the tractor.

Formal demand was not necessary in this case. When a defendant in replevin denies plaintiff's title and right of possession of property and pleads the right of possession thereof in himself and prays a return of the property, proof of demand before the bringing of the action is unnecessary. Green Finance Co. v. Becker (1949), 151 Neb. 479, 37 N. W. 2d 794.

In the present case, defendant answered with a general denial and further asserted it had an artisan's lien on the truck. The general rule is that demand is not required where it would be futile. See 77 C. J. S., Replevin, § 71, p. 44. Defendant was put on notice that plaintiff claimed a superior interest in the truck. Plaintiff's lien was noted on the certificate of title. In September 1973, plaintiff filed an action in federal District Court against defendant. When the truck was moved to Blair, in January 1974, plaintiff demanded that it be returned to the location designated in the attachment order. Under these circumstances, there was no need to make a further demand on defendant for the return of the truck.

The judgment herein is reversed and the cause remanded with directions to make a determination of damages in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.