BERNARD L. PACKETT, APPELLANT, V. LINCOLNLAND TOWING, INC., APPELLEE.

419 N.W.2d 149

Filed February 12, 1988.   No. 86-057.

Bernard L. Packett, pro se.

William E. Langdon, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

This is a replevin action originally filed in the small claims division of the Lancaster County Court by plaintiff, Bernard L. Packett, against defendant, Lincolnland Towing, Inc., for return of possession of plaintiff's Volvo automobile, withheld by defendant because plaintiff refused to pay the towing charges of $25 and $2-per-day storage that defendant claimed due under the parking lots statutes. On appeal to the district court, plaintiff's petition was dismissed. He appeals. We reverse.

Plaintiff assigns two errors: (1) "The court erred in holding that the plaintiff had the burden of proving that a third party had the right or authority to have plaintiff's automobile removed from where plaintiff had parked it"; and (2) "The court erred in failing to find that defendant did not have a right superior to plaintiff's right of possession, and in failing to order defendant to release plaintiff's automobile without the payment of any towing or storage fees, and awarding plaintiff damages."

An appeal from the small claims court is heard de novo in the district court. Neb. Rev. Stat. § 24-541.07 (Reissue 1985). Replevin is a law action wherein, where tried without a jury, the findings and disposition of the trial court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Ford v. Jordan*, 220 Neb. 492, 370 N.W.2d 714 (1985).

The trial court could find the following facts from the evidence. The University of Nebraska had previously acquired an area near the Devaney Sports Center in Lincoln, known as the Jacob's Oil Company property. This area was leased to Rebounders, a group supporting the university basketball

program, for its private parking use. A "no parking" sign was displayed, and Rebounders kept a guard on duty during basketball games to enforce the restrictive parking. In early December 1984, plaintiff parked his Saab automobile in the parking lot, without authority. Upon request of John Breslow, president of Rebounders, defendant towed the Saab to its parking lot in Lincoln. Plaintiff refused to pay defendant's standard charges, claiming that the Rebounders' parking lot was property owned by the State of Nebraska and he had a right to park there. After learning that plaintiff was an assistant attorney general, and not wishing to offend that department of government, Rebounders paid defendant's charges, and the Saab was returned to plaintiff. Later, Breslow wrote a letter to plaintiff advising him that the area was a restricted parking lot and that if plaintiff parked there again his car would be towed away as before. On December 22, 1984, plaintiff telephoned James Green, vice president of defendant, advising that the parking area was state property and that he intended to park there that night during the basketball game; further, that Green should be sure that whoever requested the towing of his car should also sign the ticket authorizing the towing. Later that day, plaintiff did park his Volvo automobile in the Rebounders' parking lot, and Breslow requested defendant to tow the Volvo, which defendant did after Breslow signed the ticket. The next day, plaintiff demanded possession of the Volvo from defendant; defendant refused, until plaintiff paid $25 for towing and $2 per day for storage. Plaintiff refused to pay; this suit followed, on December 28, 1984. The Volvo was released after 88 days, when plaintiff posted a bond.

Central to this appeal are the parking lots statutes, Neb. Rev. Stat. §§ 60-2401 to 60-2411 (Reissue 1984). The relevant sections are § 60-2401, "[M]otor vehicles parked in a restricted parking lot without the consent of the owner or tenant shall be subject to being towed away, if the lot is properly posted," and § 60-2410, "The owner of any motor vehicle towed or stored pursuant to sections 60-2401 to 60-2411 shall be liable for any towing and storage fees incurred but *neither the motor vehicle nor the contents therein shall be subject to any storage or towing lien* except as provided in section 60-2405." (Emphasis

supplied.) The reference to § 60-2405 is an obvious error since that section does not concern a lien. Section 60-2404 was apparently intended. Section 60-2404 provides, "A motor vehicle towed away under sections 60-2401 to 60-2411, which is not claimed by the owner within one hundred eighty days after towing, is subject to liens by the person who towed the vehicle under Chapter 52, article 6."

The second assignment is first discussed. Both parties devote much of the evidence and their briefs to the authority of Rebounders to request Lincolnland to tow the Volvo. Plaintiff claims Rebounders had no authority, since the university did not own the parking lot and, thus, Rebounders' lease was void, the towing was unlawful, and therefore he was entitled to immediate possession, citing *Morfeld v. Bernstrauch*, 216 Neb. 234, 343 N.W.2d 880 (1984). The record shows that Rebounders, as lessee, had authority to order the towing of the Volvo that plaintiff had unlawfully parked in the lot.

Defendant claims that Rebounders had statutory authority to request the towing, that it lawfully came into possession of the Volvo, and that it lawfully withheld possession of the Volvo until its charges for towing and storage were paid.

Neither party was fully correct. In a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it. *Fitzsimons v. Frey*, 153 Neb. 124, 43 N.W.2d 531 (1950). " 'The cardinal question in every replevin action is whether the plaintiff therein was entitled to the immediate possession of the property,' " *Arcadia State Bank v. Nelson*, 222 Neb. 704, 713-14, 386 N.W.2d 451, 458 (1986), " 'regardless of whether the original taking was wrongful,' " *White Motor Credit Corp. v. Sapp Bros. Truck Plaza, Inc.*, 197 Neb. 421, 426, 249 N.W.2d 489, 493 (1977).

Plaintiff met his burden of proof by his prima facie showing that he was the owner of the Volvo; that, as owner, he was entitled to immediate possession; and that the defendant unlawfully withheld possession.

The burden then shifted to defendant to establish a superior

right of possession. Defendant claims that proof was satisfied by its original lawful possession and plaintiff's refusal to pay for the towing and storage. Defendant does not support this by any authority. Apparently, both parties assumed that the parking lots statutes provided the tower, Lincolnland, with a lien or some form of a superior right to protect the tower in collecting fees.

A lien has been characterized in this jurisdiction as an " 'obligation, tie, duty, or claim annexed to or attaching upon property by the common law, equity, contract, or statute . . . .' " *Dupuy v. Western State Bank*, 221 Neb. 230, 233, 375 N.W.2d 909, 912 (1985). "A person claiming the existence of a lien has the burden of proving the existence of the lien." *Bishop v. Hotovy*, 222 Neb. 623, 627, 385 N.W.2d 901, 904 (1986).

A lien is not provided for in the parking lots statutes. In fact, § 60-2410 is contrary: "[N]either the motor vehicle nor the contents therein shall be subject to any storage or towing lien except as provided in section 60-240[4]." Section 60-2404 requires that the tower wait for 180 days before a lien may be enforced. Defendant did not sustain its burden to prove a right to possession superior to plaintiff's right as owner. At the time the replevin suit was filed, plaintiff was entitled to immediate possession of his Volvo.

The trial judge was wrong in dismissing plaintiff's petition. Upon remand, an order of replevin should be entered in favor of plaintiff against defendant to return possession of the Volvo to plaintiff and to release plaintiff's bond.

In view of the foregoing, it is not necessary to discuss the first assignment.

In dismissing plaintiff's petition, the trial judge made no finding as to damages for wrongful detention. The conflicts in the evidence on the issue of adequate damages, Neb. Rev. Stat. § 25-10,105 (Reissue 1985), require that the determination of that fact question be remanded to the district court for further proceedings in accord with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.