REQUESTED BY: Alvin Abramson, Director Nebraska Department of Motor Vehicles
QUESTION: Whether an assignment of an out-of-state certificate of title, issued in the name of A and B, A or B, or A and/or
B, must be executed by all persons named in the certificate.
ANSWER: An assignment of an out-of-state certificate of title that has been issued in the name of A and B, A or B, or A and/or B, must be executed by all persons named in the certificate.
DISCUSSION
On March 1, 1949, this office issued it's Attorney General's Opinion to F.H. Klietsch, Director, Motor Vehicle Division, Department of Roads and Irrigation, and stated that "where a `certificate of title' has been issued in the names of Aand B, A or B, A and/or B, an assignment of the `certificate of title,' must be executed by all persons named in the `certificate of title', Section 60-104, R.S. Supp. 1947, since each has vested interest in the title".
The 1949 Attorney General's Opinion advised that an assignment be executed by all persons, including where the certificate of title was in the name of the husband and wife. Today, Neb. Rev. Stat. § 60-106(6)(a) (1994 Cum.Supp.) provides:
 In the case of the sale of a motor vehicle, the certificate of title shall be obtained in the name of the purchaser upon application signed by the purchaser, except that (a) for titles to be held by husband and wife, applications may be accepted upon the signature of either one as a signature for himself or herself and as agent for his or her spouse. . . .
Although the Legislature has authorized one spouse toreceive title to a motor vehicle on behalf of both spouses, it has not authorized one spouse — or another co-owner of a vehicle — to relinquish title on behalf of all owners.
According to your opinion request "the State laws of Iowa, Kansas, South Dakota, and at least thirteen other states permit the transfer of a vehicle title with only one owner's signature". Nebraska does respect out-of-state rights, however, comity is neither a matter of absolute obligation or mere courtesy or good will, but is the doctrine under which contracts made, rights acquired, and obligations incurred in one state are enforced by the court of another state unless there is some definite public policy preventing recognition of such right of title.Universal C.I.T. Credit Corporation v. HansVogt, 165 Neb. 611, 617, 86 N.W.2d 771, 775 (1957) [quotingGreen Finance Co. v. Becker, 151 Neb. 479, 486-87,37 N.W.2d 794, 798 (1949)].
Authority for the requirement that an assignment of an out-of-state certificate of title be executed by all persons named in the title is stated in the March 1, 1949, opinion. The case law cited in the 1949 opinion has not been overruled. See,e.g., Loyal Auto Exchange, Inc. v.Munch, 153 Neb. 628, 45 N.W.2d 913 (1951).
 From a study of the act, particularly sections 60-104, 60-105 and 60-107, R.S. Supp. 1949, and sections 60-106, 60-108, and 60-117, R.S. 1943, it is clear that the legislation contemplates that the forms provided therein must be fully and properly executed in order to meet the requirements thereof.
Id. at 641, 45 N.W.2d at 921. (Emphasis added).
For an assignment to be "fully and properly" executed for an out-of-state certificate of title that has been issued in the names of A and B, A or B, or Aand/or B, the assignment must be executed by all persons named in the certificate.
Sincerely yours,
 DON STENBERG Attorney General
 Paul N. Potadle Assistant Attorney General
Approved By:
Don Stenberg
Attorney General