Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/24/2018 09:09 AM CDT

Peter Zelenka, appellee and cross-appellant, v.
Jason D. Pratte, appellant and cross-appellee.
___ N.W.2d ___

Filed June 1, 2018.    No. S-17-086.

1. **Actions: Conversion: Replevin: Appeal and Error.** Actions for conversion and replevin are law actions. In an action at law tried to the bench, a district court's factual findings and disposition have the same effect as a jury verdict and will not be set aside unless clearly wrong.

2. **Replevin: Proof.** In a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it.

3. **Gifts: Intent.** To make a valid inter vivos gift, there must be an intention to transfer title to property, delivery by the donor, and acceptance by the donee.

4. **Gifts: Proof.** The person asserting the gift must prove all the essential elements by clear, direct, positive, express, and unambiguous evidence.

5. **Gifts: Intent.** The donor must have a present donative intent and a clear and unmistakable intent to make a gift.

6. **Gifts.** Ordinarily, actual delivery is necessary where the subject of the gift is capable of manual delivery, but where actual manual delivery cannot be made, the donor may do that which, under the circumstances, will in reason be considered equivalent to actual delivery.

7. ____. Generally, the exercise by the donee of dominion over the property which is the subject of a gift, or an assertion of a right to the property by the donee, generally will constitute an acceptance.

8. ____. Ordinarily, for a gift to be delivered, it must be shown that the owner parted with dominion and control over the gift.

9. **Gifts: Parties.** Delivery of a gift can take place through a third party.

10. **Gifts.** The subsequent possession of a gift by the donor, while it may call for an explanation, is not necessarily incompatible with the donee's

dominion over the property, and will not necessarily operate to make the gift ineffectual.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed in part, and in part reversed and remanded with directions.

Ryan J. Lewis and Thomas C. Dorwart, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellant.

Jill M. Mason, of Kinney Mason, P.C., L.L.O., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ., and RIEDMANN, Judge, and MARTINEZ, District Judge.

STACY, J.

Peter Zelenka filed this action against Jason D. Pratte, alleging Pratte was in possession of personal property belonging to Zelenka. The primary dispute involved a French bulldog, which Zelenka claimed he received as a gift from Pratte. After a bench trial, the district court found Zelenka proved the dog was a gift and ordered the dog be returned to Zelenka. With respect to the other items of personal property, the court found Zelenka had failed to meet his burden of proof. Pratte appeals, and Zelenka cross-appeals. We affirm in part, and in part reverse and remand with directions.

## I. FACTS

Pratte and Zelenka were involved in a romantic relationship from 2010 until 2015. They lived together in a house owned by Pratte from July 2011 until they separated in June 2015. At that time, Zelenka moved out of the residence. He took only a few items of personal property with him, believing the move was temporary to allow the parties to work on their relationship.

When Zelenka returned the following week, he discovered Pratte had changed the locks on the house. Zelenka was unable to retrieve items of personal property he claims were his,

including home furnishings, electronics, housewares, and a French bulldog named "Princess Pot Roast," which the parties refer to as "Pavlov."

In March 2016, Zelenka filed a complaint against Pratte in the Douglas County District Court. The complaint primarily alleged a claim for conversion. Pratte filed an answer generally denying the allegations.

A 2-day bench trial was held in January 2017. The parties advised the court they had reached an agreement regarding certain items of personal property, and pursuant to that agreement, the court ordered those items returned to Zelenka. The parties presented evidence regarding the remaining disputed items of personal property. Most of the evidence focused on Pavlov.

## 1. Pavlov

Both parties claimed to be the owner of Pavlov. The evidence was uncontroverted that Pratte paid for Pavlov, but Zelenka claimed he was given Pavlov as a birthday gift. Pratte denied this. In support of Zelenka's claim that Pavlov was a gift, he offered his own testimony, testimony from his mother, and testimony from Pavlov's breeder.

Zelenka testified that several weeks before his birthday, Pratte surprised him by taking him to a local dogbreeder to pick out a puppy as a birthday gift. According to Zelenka, Pratte also gave him the option of waiting to select a puppy "if [he] wasn't ready." But after interacting with the puppies, Zelenka selected one and named it Pavlov. Zelenka did not take Pavlov home that day. Instead, he returned later, without Pratte, and took possession of the puppy.

Zelenka's mother also testified that her son received Pavlov as a birthday gift from Pratte. When asked how she knew the puppy was a birthday gift, Zelenka's mother testified Pratte told her so.

Pavlov's breeder was called as a witness. She testified that Pratte contacted her by telephone and said he was

looking for a puppy as a gift for his boyfriend. He said he wanted his boyfriend to choose the puppy. She scheduled a time for Pratte and Zelenka to come look at the litter of five puppies. Ultimately, Zelenka picked out the puppy that Pratte purchased. According to the breeder, she then had the puppy spayed and microchipped at a local veterinary clinic, after which Zelenka returned alone to pick up the puppy. At that time, the breeder provided Zelenka with the adoption contract, registration forms for the American Kennel Club, and photographs of the puppy. The breeder confirmed that it was her understanding the puppy was a gift from Pratte to Zelenka.

Pratte testified that he did not intend Pavlov to be a gift for anyone. According to Pratte, he contacted the breeder and told her he was looking for a companion dog for his other dog, a Labrador retriever. He then went to the breeder's house alone to assess whether any of her puppies would be a good companion for his dog. He acknowledged that he later returned to the breeder with Zelenka and allowed Zelenka to select a puppy. But Pratte claimed he had already assessed the puppies' temperaments to narrow the options, and he then allowed Zelenka to choose from those options, because he wanted Zelenka to feel included in his decision to add another dog to their household. Pratte testified that he paid for Pavlov, and the dog has always lived at his residence.

## 2. OTHER PERSONAL PROPERTY

Both parties testified about the various other items of personal property in dispute. These included a "Dyson animal vacuum," a couch, a shelf, table lamps, outdoor pots, a deep freezer, several souvenirs from Africa, paintings, and patio furniture. Zelenka testified that he purchased each of these items for his personal use and not as a gift for Pratte. He testified about where and why the items were purchased and how he paid for them. He often used cash and had very little documentation to demonstrate ownership or proof of

purchase. Pratte generally offered contradictory testimony and documentation as to the purchase and ownership of the other items of property. He admitted Zelenka paid for a few of the disputed items, but claimed Zelenka purchased the items as gifts for him.

### 3. District Court Order

At the close of the evidence, the district court ruled from the bench. Regarding Pavlov, the court expressly found the testimony of Zelenka was more credible and was corroborated by the testimony of the breeder and Zelenka's mother. The court found Zelenka had "sustained his burden of proof that . . . Pavlov was a gift" from Pratte and ordered Pratte to return Pavlov to Zelenka within 48 hours. As to the other items of personal property, the district court found Zelenka had failed to meet his burden of proof and ordered the property to remain with Pratte.

The court subsequently entered judgment in accordance with its ruling from the bench and ordered each party to pay his own attorney fees and costs. Pratte timely appealed, and Zelenka cross-appealed.

## II. ASSIGNMENTS OF ERROR

Pratte assigns the district court erred in finding Zelenka met his burden of proving Pavlov was a gift. On cross-appeal, Zelenka assigns the district court erred in finding he failed to meet his burden of proof with respect to the other items of personal property.

## III. STANDARD OF REVIEW

[1] Actions for conversion and replevin are law actions.[1] In an action at law tried to the bench, a district court's factual

---

[1] See, *Gallner v. Larson*, 291 Neb. 205, 865 N.W.2d 95 (2015) (conversion); *Allemang v. Kearney Farm Ctr.*, 251 Neb. 68, 554 N.W.2d 785 (1996) (replevin).

findings and disposition have the same effect as a jury verdict and will not be set aside unless clearly wrong.[2]

## IV. ANALYSIS

### 1. CONVERSION OR REPLEVIN

Before addressing the parties' assignments of error, it is necessary to clarify the nature of the action tried to the court. Zelenka's complaint styled his action as one for conversion, but both parties tried the action as one seeking replevin. Generally, the measure of damages for conversion is the fair market value of the converted property at the time and place of the conversion,[3] while the object of a replevin action is to recover specific personal property.[4]

Here, although the complaint was not styled as one for replevin, the parties tried the case as one seeking the return of specific personal property and neither party offered evidence regarding the fair market value of the disputed property. Throughout the trial, and in closing argument, Zelenka specifically asked the trial court for the immediate return of the personal property, including Pavlov. Pratte did not object that replevin relief was being sought, and on appeal, he does not assign error to the nature of the relief ordered by the court.

Because the parties and the trial court treated this action as one for replevin, it would have been preferable for Zelenka to move to conform the pleadings to the evidence. But under Nebraska's pleading rules, his failure to formally seek amendment is not dispositive.

Neb. Ct. R. Pldg. § 6-1115(b) provides in pertinent part:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be

---

[2] See *id.*

[3] NJI2d Civ. 4.27.

[4] *Pinnacle Bank v. Darlan Constr. Co.*, 270 Neb. 978, 709 N.W.2d 635 (2006). See, also, Neb. Rev. Stat. § 25-1093 (Reissue 2016).

treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Here, despite styling the complaint as one for conversion, the parties tried the action as one for replevin and treated the case in all respects as if replevin had been raised in the pleadings. We conclude the parties impliedly consented to try this action as one for replevin, and pursuant to § 6-1115(b), we therefore treat this action as one in which replevin was raised in the pleadings.[5]

[2] In a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it.[6]

## 2. PAVLOV

In this case, Zelenka claimed Pavlov was his personal property, gifted to him by Pratte. Zelenka further claimed that after he moved out of Pratte's house, Pratte wrongfully refused to return Pavlov to him. The district court found Zelenka proved Pavlov was a gift from Pratte. On this record, we agree.

[3,4] To make a valid inter vivos gift, there must be an intention to transfer title to property, delivery by the donor, and acceptance by the donee.[7] The person asserting the gift must prove all the essential elements by clear, direct, positive,

---

[5] See *Blinn v. Beatrice Community Hosp. & Health Ctr.*, 270 Neb. 809, 815, 708 N.W.2d 235, 243 (2006) ("[e]ven when a party does not move for leave to amend pleadings, a court may constructively amend pleadings on unpleaded issues in order to render a decision consistent with the trial").

[6] *Packett v. Lincolnland Towing*, 227 Neb. 595, 419 N.W.2d 149 (1988).

[7] See *Ferer v. Aaron Ferer & Sons Co.*, 273 Neb. 701, 732 N.W.2d 667 (2007).

express, and unambiguous evidence.[8] We address each element in turn.

### (a) Donative Intent

[5] The donor must have a present donative intent and a clear and unmistakable intent to make a gift.[9] Here, the breeder from whom Pavlov was purchased testified that Pratte contacted her about purchasing a puppy as a gift for his boyfriend. Zelenka and his mother both testified that Pavlov was given to Zelenka as a birthday gift from Pratte. Although Pratte denied Pavlov was a gift, the district court expressly found Zelenka's testimony on this issue was more credible and was corroborated by the testimony of the breeder and Zelenka's mother. On this record, there is clear and unmistakable evidence of Pratte's donative intent.

### (b) Delivery and Acceptance

[6,7] Ordinarily, actual delivery is necessary where the subject of the gift is capable of manual delivery, but where actual manual delivery cannot be made, the donor may do that which, under the circumstances, will in reason be considered equivalent to actual delivery.[10] And generally, the exercise by the donee of dominion over the property which is the subject of a gift, or an assertion of a right to the property by the donee, generally will constitute an acceptance.[11]

[8] Here, the evidence shows that both delivery and acceptance of the gift occurred when Zelenka picked Pavlov up from the breeder and took possession of the dog. Ordinarily, for a gift to be delivered, it must be shown that the owner parted with dominion and control over the gift.[12] But in this case, the

---

[8] *Id.*

[9] See *id.*

[10] *In re Estate of Lamplaugh*, 270 Neb. 941, 708 N.W.2d 645 (2006).

[11] 38 Am. Jur. 2d *Gifts* § 28 (2010).

[12] *Id.*, § 19.

breeder, and not Pratte, had dominion and control over Pavlov before the gift was made.

[9] We have recognized that delivery can take place through a third party,[13] and here, the evidence was uncontroverted that once Pavlov was ready to be adopted, the breeder relinquished possession directly to Zelenka and gave Zelenka the necessary paperwork to prove ownership of Pavlov. Zelenka accepted both the dog and the paperwork and thereafter generally held himself out as the owner of the dog.

[10] Pratte argues there was insufficient evidence of delivery and acceptance, because it was uncontested that after Zelenka took possession of Pavlov, he kept the dog at Pratte's house. But this fact is not incompatible with Zelenka's dominion and control over Pavlov, especially since Zelenka moved from an apartment into Pratte's home shortly thereafter. This court has recognized that the subsequent possession of a gift by the donor, while it may call for an explanation, is not necessarily incompatible with the donee's dominion over the property, and will not necessarily operate to make the gift ineffectual.[14] Here, the fact that Pavlov was kept at Pratte's home after the gift was made is adequately explained by the fact that, for much of the relevant time period, Pratte and Zelenka were living together as a couple. We reject Pratte's suggestion that this fact operates to make the gift ineffectual.

We conclude Zelenka met his burden of proving Pavlov was a gift from Pratte. Pratte's assignment of error to the contrary is without merit.

### 3. CROSS-APPEAL REGARDING
### OTHER PERSONAL PROPERTY

As noted, the parties both offered testimony as to the other items of personal property. The district court found Zelenka failed to meet his burden of proof as to these items. After

---

[13] See *Kennedy v. Nelson*, 125 Neb. 185, 249 N.W. 546 (1933).

[14] *Id.*

reviewing the evidence adduced and testimony received, we affirm in part, and in part reverse and remand with directions.

### (a) Niche Couch, Niche Table Lamps, and French Bulldog Lamp

Zelenka testified that during the relationship, he purchased a leather couch and two table lamps from a store named "Niche," and he purchased a French bulldog table lamp from a national retail store. Zelenka testified he purchased these items for his own use, and not as gifts for Pratte.

Pratte agreed Zelenka purchased these items. He testified, however, that all of the items were gifted to him by Zelenka. Regarding the Niche lamps and the French bulldog lamp, Pratte offered no evidence going to the essential elements of donative intent, acceptance, or delivery. Because the undisputed evidence was that these lamps were purchased by Zelenka, and because Pratte failed to adduce evidence of the essential elements to support his claim they were gifts, the district court erred in finding Zelenka failed to meet his burden of proof with respect to these three lamps.

In support of his claim that the leather couch was a gift from Zelenka, Pratte offered, and the court received, exhibit 27. That exhibit is a printout of a social media post made by Pratte in October 2012. The post includes a photograph of a fully furnished living room with a leather couch, side chairs, a coffee table, an entertainment center, and related furnishings. The caption to this post reads "Early birthday surprise!!! Check out this amazing f**king living room!!! Love you Peter Zelenka!" The string of responses to this post includes one from Zelenka stating, "Its not quite finished but its a good start!" According to Pratte, these social media comments were referencing the fact that Zelenka had redecorated their living room as a birthday surprise for Pratte.

As the one claiming the leather couch was a gift, Pratte had the burden to prove the essential elements of donative intent, delivery, and acceptance by clear, direct, positive, express, and

unambiguous evidence.[15] Here, the social media posting and Pratte's limited testimony about it were insufficient to establish the leather couch was a gift. Pratte conceded as much on cross-examination when he admitted that Zelenka's comment in exhibit 27 "doesn't acknowledge intent, delivery, and acceptance" regarding the leather couch.

On this record, we conclude Pratte failed to meet his burden of proving the Niche leather couch, the Niche lamps, and the French bulldog lamp were gifts. Because the evidence was uncontroverted that Zelenka purchased these items and that Pratte refused to return them, the trial court erred in concluding Zelenka had failed to meet his burden of proof. Consistent with the manner in which the parties tried this case, these three items should be returned to Zelenka.

### (b) Other Items of Personal Property

We agree that Zelenka failed to meet his burden of proof with respect to the other items of personal property. The record shows the parties offered contradictory evidence with respect to the ownership of these other items of property, each asserting he was the respective purchaser. For example, Zelenka adduced evidence that his mother gave him $500 to purchase a Dyson animal vacuum and that he did so, but Pratte had a receipt demonstrating he purchased a Dyson animal vacuum. Zelenka testified he purchased patio furniture with cash and put it together without Pratte's knowledge, while Pratte testified he purchased the patio furniture, Zelenka was with him at the time of purchase, and they worked together to construct the furniture. Zelenka testified he purchased the African souvenirs with cash, while Pratte produced a receipt indicating he had purchased the souvenirs. Contradictions appear in the evidence with respect to all the other items of personal property as well.

---

[15] *Ferer v. Aaron Ferer & Sons Co., supra* note 7.

The district court's findings in this case have the same effect as a jury verdict and will not be set aside unless clearly wrong.[16] Due to the contradictory nature of the evidence regarding the other items of personal property, there is no basis on which to set aside the district court's finding that Zelenka failed to meet his burden of proving ownership.

## V. CONCLUSION

For the foregoing reasons, we affirm in part, and in part reverse and remand with directions to enter judgment consistent with this opinion.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

---

[16] See *Gallner v. Larson, supra* note 1.