IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

GRAYEK V. ANGUIANO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ALLAN GRAYEK, DOING BUSINESS AS PLUM CRAZY SIGNS AND GRAPHICS, APPELLANT,

V.

MARIO ANGUIANO, APPELLEE.

Filed December 17, 2019.    No. A-19-283.

Appeal from the District Court for Dawson County: JAMES E. DOYLE IV, Judge. Reversed and remanded.

Charles R. Maser for appellant.

Thomas A. Wagoner for appellee.

MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

ARTERBURN, Judge.

## INTRODUCTION

Allan Grayek appeals from an order entered by the district court for Dawson County which granted summary judgment in favor of Mario Anguiano and dismissed Grayek's complaint in its entirety. In its order, the district court found that Grayek's claims were barred by the relevant statute of limitations. Upon our review, we reverse the decision of the district court and remand the cause for further proceedings.

## BACKGROUND

On January 12, 2018, Grayek filed a complaint in the district court which alleged that Anguiano was in possession of a vehicle which belonged to Grayek. Specifically, Grayek alleged that in November 2013, he and Anguiano entered into an agreement whereby Grayek would give Anguiano a 1970 Dodge Coronet and a 1966 Dodge Charger and in exchange, Anguiano would

- 1 -

give Grayek a 1996 Ford F Super Duty Lift Truck. Grayek further alleged that he delivered to Anguiano the 1970 Dodge Coronet along with the certificate of title in early December 2013. That same day, Anguiano delivered to Grayek the 1996 Ford truck and the certificate of title; however, on January 31, 2014, Anguiano "fraudulently" removed the Ford truck from Grayek's possession. Grayek alleged that Anguiano continues to possess the Ford truck, even though Grayek is the legal owner. He asked the district court to order Anguiano to return the Ford truck to him or, if the truck is not available, for Anguiano to pay him the market value of the truck.

In Anguiano's answer to the complaint, he alleged that the Ford truck is his property because Grayek breached their contract. Specifically, he alleged that although Grayek delivered the 1966 Dodge Charger to Anguiano's representative, pursuant to the terms of their contract, Grayek subsequently "repossessed the 1966 Dodge Charger on or about December 24, 2013, and has wrongfully maintained possession since that date." Anguiano explained that he only retook possession of the Ford truck after Grayek had already breached their agreement by repossessing the Dodge Charger.

One month after Anguiano filed his answer, he filed a motion for summary judgment. In the motion Anguiano alleged that Grayek's complaint was barred by the 4-year statute of limitations applicable to claims which arise from an oral contract. A hearing was held on Anguiano's motion for summary judgment.

At the hearing, Anguiano offered into evidence his own affidavit. The affidavit explains that he and Grayek entered into an oral agreement in September 2013 regarding the exchange of the vehicles. Anguiano indicates that in addition to providing the Ford truck to Grayek, he was to pay Grayek $11,800 as part of the agreement. Anguiano states that he and Grayek did exchange the three vehicles which were part of the agreement. However, on December 25, 2013, Grayek took back the 1996 Dodge Charger and never returned it. As a result, Anguiano made arrangements to recover possession of the Ford truck. The truck remains in Anguiano's possession.

Attached to Anguiano's affidavit are copies of emails exchanged between Grayek and Anguiano. In an email dated January 5, 2014, Anguiano inquires of Grayek "how the charger is comming [sic] along and when do you think you will have it done[?]" Anguiano questions the amount he still owes to Grayek and then informs him that he will be able to pay the balance due in February. Grayek responded to Anguiano's email on January 28, 2014. In Grayek's email he states as follows:

> The terms for our contract called for final payment by the end of 2013. I have not received the balance and contract has been terminated for non-payment.
>
> I cannot stress how important it was to finish this deal by that deadline. Due to my divorce, current legal and financial situation this contract cannot be extended or completed.

Grayek offered into evidence his own affidavit in opposition to the motion for summary judgment. In the affidavit, Grayek details the agreement between he and Anguiano which he contends was finalized in November 2013. He explains that he delivered the 1970 Dodge Coronet, along with the certificate of title, to Anguiano on December 9, 2013. (Grayek does not mention whether or when he delivered the 1966 Dodge Charger, which was also part of the parties' agreement, to Anguiano.) Also on December 9, Anguiano delivered to Grayek the Ford truck,

along with the certificate of title which transferred ownership of the truck from Anguiano to Grayek. Attached to Grayek's affidavit is a copy of this title. Grayek further explains that on January 31, 2014, Anguiano obtained possession of the Ford truck "by presenting a newly issued certificate of title to the Dawson County Sheriff's Department." Grayek alleges that he is the legal owner of the truck and is entitled to possession of it.

After the hearing, the district court entered an order granting Anguiano's motion for summary judgment and dismissing Grayek's complaint in its entirety. In the order, the district court noted that the statute of limitations for oral contracts is 4 years. The court then cited to Grayek's January 2014 email to Anguiano in determining that the parties' contract was to be completed by December 31, 2013. The court went on to find: "Thus, Grayek, as the aggrieved party, had the right to institute and maintain a lawsuit as of December 31, 2013. He commenced his lawsuit on January 12, 2018 which was twelve days after the four year statute of limitation[s] ran." The court concluded that Grayek's breach of contract action was time-barred.

Ten days after the district court entered its order granting summary judgment in favor of Anguiano, Grayek filed a motion for new trial. In the motion, Grayek alleged that the court's decision was not supported by sufficient evidence or was contrary to law. At a subsequent hearing on the motion, Grayek argued to the district court that although the court had treated the case as a contract action, he had filed the case as a replevin action. Grayek explained that if the case is treated as a replevin action, then his filing of the complaint was within the statute of limitations and the court erred in granting Anguiano's motion for summary judgment on that basis. Anguiano opposed Grayek's contention that the case constituted a replevin action. He argued that the case was clearly based upon the oral agreement of the parties and was, as a result, a contract action.

After the hearing, the district court entered an order overruling Grayek's motion for a new trial. The court ultimately found that whether Grayek's claim was "considered as a contract or replevin action, the statute of limitations had run against the claims of Grayek by the time the complaint was filed."

Grayek appeals from the district court's orders.

## ASSIGNMENTS OF ERROR

On appeal, Grayek asserts that the district court erred in granting summary judgment in favor of Anguiano and in overruling Grayek's motion for new trial. Grayek asserts that both of the district court's orders "are not supported by sufficient evidence and are contrary to law." Brief for appellant at 3.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Dowis v. Continental Elev. Co.*, 241 Neb. 207, 486 N.W.2d 916 (1992). Moreover, summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts

and that the moving party is entitled to judgment as a matter of law. *Hanson v. General Motors Corp.*, 241 Neb. 81, 486 N.W.2d 223 (1992).

In reviewing the district court's judgment on the issue of the statute of limitations, the findings and decision of the court will not be set aside unless clearly wrong. *Frezell v. Iwersen*, 231 Neb. 365, 436 N.W.2d 194 (1989). However, the determination of which statute of limitations applies in a case is a question of law and, therefore, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Central States Resources v. First Nat. Bank*, 243 Neb. 538, 501 N.W.2d 271 (1993).

## ANALYSIS

### JURISDICTION

Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Clarke v. First National Bank of Omaha*, 296 Neb. 632, 895 N.W.2d 284 (2017). This is the case regardless of whether the issue is raised by the parties. *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2018), to vest an appellate court with jurisdiction, a party must timely file a notice of appeal. A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing. § 25-1912(1). However, filing a timely motion for new trial or a timely motion to alter or amend a judgment terminates the time in which a notice of appeal must be filed. § 25-1912(3). Instead, the 30-day period to appeal starts anew upon the entry of the order ruling upon the motion for a new trial or the motion to alter or amend a judgment. *Id*.

In this case, the district court entered its order granting summary judgment in Anguiano's favor on September 14, 2018. Grayek did not file his notice of appeal until March 18, 2019, well after the 30-day period to appeal had expired. However, on September 24, 2018, 10 days after the district court's order was entered, Grayek filed a motion for new trial. In order to determine if Grayek's March 18, 2019, notice of appeal was timely, we must determine whether Grayek's motion for new trial, which was filed in response to the district court's order granting summary judgment, terminated the 30-day appeal period.

Under Neb. Rev. Stat. § 25-1142 (Reissue 2016), a new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, a report of a referee, or a trial and decision by the court. *Clarke v. First National Bank of Omaha, supra*. Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute. *Id*. Therefore, a motion for new trial following the entry of summary judgment is not a proper motion and does not terminate the 30-day period to file a notice of appeal under § 25-1912. *Clarke v. First National Bank of Omaha, supra*.

However, our statutes do not clearly define the grounds for filing a motion to alter or amend a judgment, unlike a motion for new trial. See Neb. Rev. Stat. § 25-1329 (Reissue 2016). Accordingly, we review a postjudgment motion based on the relief it seeks, rather than its title. *Clarke v. First National Bank of Omaha, supra*. If the postjudgment motion seeks a substantive alteration of the judgment--as opposed to the correction of clerical errors or relief wholly collateral

to the judgment--a court may treat the motion as one to alter or amend the judgment. *Id.* A motion to alter or amend must be filed no later than 10 days after the entry of judgment. See § 25-1329.

The Nebraska Supreme Court has previously held that where a motion for new trial was filed after the entry of an order for summary judgment, the motion should be treated as a motion to alter or amend judgment when the motion essentially requests that the court reconsider its grant of summary judgment. See, *Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005), *abrogated, Kennedy v. Plan Administrator for DuPont Sav. and Investment Plan*, 555 U.S. 285, 129 S. Ct. 865, 172 L. Ed. 2d 662 (2009). The Supreme Court further held that a timely filed motion to alter or amend a judgment terminates the period in which a party must file a notice of appeal. *Id*.

Grayek's motion for new trial requested that the court conduct a new trial "for the reason that the decision is not supported by sufficient evidence or is contrary to law." Like the Supreme Court in *Strong v. Omaha Constr. Indus. Pension Plan, supra*, we read Grayek's motion to essentially request that the district court reconsider its grant of summary judgment. Accordingly, we treat Grayek's motion as a motion to alter or amend the judgment. Because Grayek filed his motion 10 days after the district court entered its order granting summary judgment, the motion was timely filed and terminated the 30-day period to appeal. Grayek filed his notice of appeal within 30 days of the district court's order denying the motion for new trial. As such, we have jurisdiction to consider the merits of Grayek's appeal.

GRANT OF SUMMARY JUDGMENT IN FAVOR OF ANGUIANO
BASED ON STATUTE OF LIMITATIONS

In his brief on appeal, Grayek challenges the district court's decision to grant summary judgment in favor of Anguiano based upon the court's finding that the statute of limitations barred the causes of actions raised in Grayek's complaint. Grayek does not assert that the district court erred in concluding that any breach of contract action alleged in his complaint was time barred. And, upon our review, it is clear that this cause of action is time barred. The parties agree that their oral contract was terminated, at the latest, on December 31, 2013. Grayek filed his complaint on January 12, 2018. The statute of limitations for a breach of an oral contract action is 4 years. See Neb. Rev. Stat. § 25-206 (Reissue 2016). As such, Grayek filed his complaint 12 days after the 4-year statute of limitations for breach of an oral contract had run.

Grayek appears to focus his argument on appeal on the district court's decision to overrule his motion for new trial based upon the court's determination that any replevin action alleged in his complaint was also time barred. However, in his brief on appeal, Grayek specifically argues that the district court erred in determining that his conversion action was time barred. Nowhere in Grayek's brief does he even mention the word "replevin." Grayek's assertion regarding a conversion action stands in stark contrast to his assertion at the hearing on the motion for new trial. There, Grayek's counsel specifically stated that the case was intended "as a replevin action."

Although replevin and conversion share some elements, they are distinct causes of action. An action for conversion and an action for replevin are law actions. *Zelenka v. Pratte*, 300 Neb. 100, 912 N.W.2d 723 (2018). Generally, the measure of damages for conversion is the fair market value of the converted property at the time and place of the conversion, while the object of a

replevin action is to recover specific personal property. *Id*. As such, in a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it. *Id*. In a conversion action, the plaintiff has the burden to prove both an immediate right to possession of the property and it's wrongful possession by the defendant, in addition to the fair market value of the property. *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992). See, also, *Zelenka v. Pratte, supra*. Notably, under our notice pleading rules, we read Grayek's complaint as sufficiently raising both a replevin action and a conversion action. See *Christianson v. Educational Serv. Unit No. 16*, 243 Neb. 553, 501 N.W.2d 281 (1993) (litigant not required to state cause of action, but must simply give opposing party sufficient notice of claim so as to be able to prepare to meet it).

Despite Grayek's complaint sufficiently raising a cause of action for conversion, it is clear that he did not specifically argue such a cause of action before the district court, nor did the district court ever address such a cause of action in its orders. In the absence of plain error, when an issue is raised for the first time in an appellate court, it will be disregarded inasmuch as a lower court cannot commit error in resolving an issue never presented and submitted to it for disposition. *Ways v. Shively*, 264 Neb. 250, 646 N.W.2d 621 (2002). Consideration of plain error occurs, of course, at the discretion of an appellate court. See *State v. Archie*, 273 Neb. 612, 733 N.W.2d 513 (2007). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Lackman v. Rousselle*, 7 Neb. App. 698, 585 N.W.2d 469 (1998). We review for plain error the lower court's decision to grant summary judgment in favor of Anguiano.

In granting summary judgment in favor Anguiano, the district court never ruled on the merits of Grayek's claims. Instead, the court only analyzed whether such claims were barred by the statute of limitations. Ultimately, the court determined that whether Grayek was asserting a breach of contract action or a replevin action, his claim was time barred. Notably, conversion and replevin share the same 4-year statute of limitations. Neb. Rev. Stat. § 25-207 (Reissue 2016) provides as follows:

> The following actions can only be brought within four years: (1) An action for trespass upon real property; (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud[.]

In its order overruling Grayek's motion for new trial, the district court stated, "The four year statute of limitations concerning oral contracts . . . had expired before the filing of the complaint. The same is true for the four year statute of limitations for the recovery of personal property." Given the district court's generalized finding and the similar elements which make up a conversion action and a replevin action, we can infer that had the court also considered Grayek's complaint as raising a conversion action, it would have found such action to be barred by the same 4-year statute of limitations.

Upon our review, we conclude that the district court committed plain error in granting summary judgment in favor of Anguiano. Grayek's complaint adequately raises a cause of action for both conversion and replevin, and neither cause of action is barred by the 4-year statute of limitations contained within § 25-207. The statute of limitations for either cause of action would not begin to run until Anguiano reclaimed possession or converted the title of the Ford truck. See, e.g., *Broekemeier Ford v. Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992) (stating that cause of action accrues and statute of limitations begins to run when aggrieved party has right to institute and maintain suit). The evidence presented at the summary judgment hearing reveals that Anguiano took back the Ford truck on January 31, 2014. Grayek filed his complaint on January 12, 2018, within the 4-year statute of limitations. Because Grayek's replevin and conversion actions were adequately raised in the complaint and were not barred by the statute of limitations, we conclude that the court committed plain error in granting summary judgment in favor of Anguiano and dismissing Grayek's complaint in its entirety.

## CONCLUSION

We conclude that the district court committed plain error in granting summary judgment in favor of Anguiano and dismissing Grayek's complaint in its entirety. Although Grayek's cause of action for breach of contract is barred by the statute of limitations, the cause of actions for conversion and replevin are not time barred. We reverse the decision of the district court and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.