IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

PLATA V. MARTINEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

LEONARDO PLATA, APPELLEE,

V.

JESSE MARTINEZ, APPELLANT, AND PAULO LOPEZ, APPELLEE AND INTERVENOR.

Filed January 30, 2024.    No. A-23-263.

Appeal from the District Court for Douglas County: LEANNE M. SRB, Judge. Affirmed.

Jesse A. Martinez, pro se.

Steffi A. Swanson, of Reagan, Melton & Delaney, L.L.P., for appellees.

PIRTLE, Chief Judge, and MOORE and BISHOP, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Leonardo Plata brought claims of replevin, trespass, and unlawful eviction against Jesse Martinez in the district court for Douglas County. In response, Martinez brought a counterclaim for unpaid rent against Plata. The district court ruled in favor of Plata's replevin and trespass claims and dismissed his claim for unlawful eviction and Martinez' claim for unpaid rent. Martinez now appeals that order.

However, because Martinez' pro se appellate brief failed to conform to the Nebraska Court Rules of Appellate Practice, our review is limited to examining the proceedings for "plain error." For the reasons that follow, we affirm.

BACKGROUND

In June 2012, Martinez sold property he owned in Omaha, Nebraska, to Paulo Lopez for $480,000. As part of the real estate purchase agreement, Lopez agreed to pay approximately $335,000 of the total price in $2,000 monthly installments.

At some point after purchasing the property, Lopez leased the property to Plata. Plata utilized the property to run a car repair shop and paid Lopez monthly rent of $1,100.

Eventually Lopez failed to make the monthly installments to Martinez. In 2018, Martinez filed a lawsuit against Lopez in the district court for breach of the real estate agreement. Lopez filed a counterclaim in that case for an accounting. In November 2018, following the filing of that lawsuit, Martinez issued a notice to the property's tenants stating that he owned the property and rent should be paid to him. As a result, beginning in November 2018, Plata paid his rent to Martinez. Plata continued making the payments to Martinez through July 2021.

Throughout this period, Martinez and Plata did not have a written lease agreement and there were several disputes as to how much rent was owed. On at least two occasions, in 2020, Martinez demanded rent of $1,600 from Plata. In December 2020, Plata paid Martinez $3,200 after Martinez prevented Plata from entering the property.

On July 22, 2021, the district court entered an order in the 2018 lawsuit awarding Martinez $183,000. However, the district court also found that Lopez was the owner of the property and that Martinez owed Lopez $151,800 on his accounting claim. Martinez appealed this judgment and the Nebraska Supreme Court affirmed the district court's order in a memorandum opinion. See *Martinez v. Lopez*, No. S-21-0675 (Memorandum Opinion, May 27, 2022).

As a result of this judgment, beginning in August 2021, Plata made the rent payments to Lopez. After this occurred, Martinez boarded up the property, changed the locks, and towed three vehicles that remained on the premises. Two of these vehicles belonged to Plata's customers and the third was a 1994 Geo Tracker that belonged to Plata. Plata paid the towing company to release the customer's vehicles but was unable to find the Geo Tracker. Martinez later claimed that he and Plata agreed that he would hold the Geo Tracker as collateral for the unpaid rent.

Due to these actions, on September 30, 2021, Plata filed the current action against Martinez. Plata's complaint contained three causes of action: (1) replevin, (2) trespass, and (3) unlawful eviction. The replevin claim sought the return of the Geo Tracker and damages associated with its detention. The trespass claim sought damages for Plata's lost income as a result of being locked out of the property and damages associated with the towing of the two vehicles. The unlawful eviction claim sought a judgment granting Plata possession of the property and an award for the damages sustained as a result of the purported unlawful eviction. On November 16, Martinez filed counterclaims seeking damages for the alleged unpaid rent and interest, totaling $24,010.

A trial was held on December 21, 2022. The district court's order indicates that, at trial, Martinez, who represented himself, admitted that he closed Plata's business because Plata owed him unpaid rental payments and applicable interest that, at that time, totaled $12,900. This amount seems to stem from Martinez believing that the monthly rent increased to $2,100 in December 2019. So, although it was uncontested that Plata was current on the $1,100 monthly rent payments, Martinez believed he was owed $1,000 more per month. Martinez admitted that he did not send

Plata written notice that rent was increasing. Likewise, he did not provide Plata any written notice to vacate the premises and never filed an eviction action against him.

Plata introduced evidence that his car repair shop was making approximately $3,800 a month before Martinez shut it down. After Martinez closed the shop in August 2021, Plata was able to find work at other car repair shops where he made approximately $550 per week or around $2,200 a month. He also presented evidence that he owned the Geo Tracker and it was worth between $294 to $1,319.

On March 7, 2023, the district court entered judgment in favor of Plata on his claims for replevin and trespass and dismissed his unlawful eviction claim. For the replevin claim, the court ordered Martinez to return the 1994 Geo Tracker to Plata within 30 days or pay $1,319 if the vehicle was not returned. For the trespass claim, the court entered judgment against Martinez in the amount of $27,747.25 which represented Plata's lost income from August 2021 to December 2022, and the amount he paid to recover the two towed vehicles. As to the unlawful eviction claim, the court reasoned that because Martinez did not own the property, he was not Plata's landlord. Citing back to the prior 2018 lawsuit involving Lopez, the court restated that Lopez owned the property. Based on this, the court stated that Plata could only pursue a wrongful eviction action against Lopez, his landlord. Accordingly, the court did not award Martinez any damages related to his counterclaim for unpaid rent.

Martinez, pro se, now appeals the district court's order. He filed his appellate brief on June 21, 2023, which did not conform to the Nebraska Court Rules of Appellate Practice. The brief lacked a statement of the basis of jurisdiction required by Neb. Ct. R. 2-109(D)(1)(c) and a separate statement of errors required by rule 2-109(D)(1)(e). Because of these deficiencies, this court issued a brief replacement order that gave Martinez until July 6 to file a replacement brief. However, Martinez never filed a replacement brief.

Additionally, on April 3, 2023, Martinez filed a praecipe for bill of exceptions. However, on May 1, the clerk of the district court for Douglas County issued a notice stating that Martinez failed to pay the estimated cost for the bill of exceptions. Because Martinez never made this deposit, a bill of exceptions was never produced or filed.

## ASSIGNMENTS OF ERROR

Parties who wish to secure appellate review of their claims must abide by the rules of the Supreme Court. *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014). Any party who fails to properly identify and present its claim does so at its own peril. *Id.* When an appellant does not comply with the briefing rules, an appellate court may proceed as though the appellant failed to file a brief or, alternatively, may examine the proceedings for plain error. *Id.* The decision to proceed on plain error is at the discretion of the appellate court. *Id.*

We elect to review the record for plain error. However, in the absence of a bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *Rosberg v. Rosberg*, 25 Neb. App. 856, 916 N.W.2d 62 (2018). Therefore, our review is limited to the relevant pleadings and judgment of the district court.

## STANDARD OF REVIEW

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Steffy v. Steffy, supra.*

Where credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

## ANALYSIS

### PLATA'S REPLEVIN CLAIM

Plata's first cause of action was a claim of replevin related to his 1994 Geo Tracker. The object of a replevin action is to recover specific personal property. *Zelenka v. Pratte*, 300 Neb. 100, 912 N.W.2d 723 (2018). In a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it. *Id.* In a replevin action, a successful plaintiff "ought to recover all damages which he has actually sustained by reason of the unlawful detention of the property in controversy." *Allemang v. Kearney Farm Ctr.*, 251 Neb. 68, 74, 554 N.W.2d 785, 789 (1996). See Neb. Rev. Stat. § 25-10,104 (Reissue 2016) (judgment shall be for return of property or value thereof in case return cannot be had, or value of possession of same, and for damages for withholding said property and costs of suit).

In his complaint, Plata alleged:

8. On August 6, 2021, [Martinez] entered the [property in] Omaha, Nebraska and boarded up the doors and entrance to the building and towed away [Plata's] personal vehicle and [Plata's] customers' vehicles parked at the real property.

9. [Plata] owns a 1994 Chevrolet Geo Tracker vehicle, VIN . . . 4973 which was parked at the real property. The vehicle was towed from the real property. [Plata] cannot locate the vehicle.

10. [Martinez] has no interest or right to the vehicle. [Plata] is lawfully entitled to the return of the above described personal property and to the future possession of that personal property.

11. [Plata's] interest in the above-described personal property is superior to the interest or right of any other person including [Martinez].

The district court's order indicates that, at trial, Plata presented a copy of the title of the 1994 Geo Tracker that had the same VIN number as the vehicle at issue. This title had Plata listed as the owner of the vehicle. Additionally, Martinez admitted that he did not possess a lien, title, or interest in the Geo Tracker. Instead, Martinez claimed that he and Plata entered into an agreement where Martinez would hold the vehicle as collateral for the unpaid rent. Plata also presented evidence that the value of the Geo Tracker was between $294 and $1,319.

In the operative order, the district court found Plata's testimony to be credible and stated that the evidence did not support Martinez' claim that he and Plata entered into an agreement

- 4 -

concerning the Geo Tracker. As such, the court ruled that Plata proved that he owned the Geo Tracker, was entitled to its immediate possession, and that Martinez was wrongfully detaining it. The court then found that the fair market value of the vehicle was $1,319 and that there was no evidence adduced concerning special damages. Based on this, the court concluded that Plata proved his replevin claim and was entitled to immediate possession of the Geo Tracker within 30 days of the order, or in the alternative, the fair market value of the vehicle, $1,319.

Based on our review of the pleadings and the district court's judgment, we find that the district court's conclusion was reasonably supported by the record. Therefore, we find that the district court did not plainly err in finding that Plata successfully proved his replevin claim and was entitled to the return of the Geo Tracker or, in the alternative, its fair market value of $1,319.

PLATA'S TRESPASS CLAIM

Plata's second cause of action was a trespass claim for being locked out of the leased property. To bring an action in trespass, the complaining party must have had title to or legal possession of the land when the acts complained of were committed. *Obermiller v. Baasch*, 284 Neb. 542, 823 N.W.2d 162 (2012). Liability for trespass exists if an actor intentionally enters land in the possession of another or causes a thing or third person to do so. *Id.*

In his complaint, Plata alleged:

13. [Plata], as lessee of the real property, was in possession of the real property as of August 2021.

14. On August 6, 2021, [Martinez] willfully entered the [property in] Omaha, Nebraska and boarded up the doors and entrance to the building and towed away [Plata's] personal vehicle and [Plata's] customers' vehicles parked at the real property.

15. [Plata], as a result of [Martinez'] actions, has been unable to operate his business from the leased premises since August 6, 2021.

16. [Plata] paid the towing charges and recovered his customers' cars from the impound lots.

17. As a result of [Martinez'] action, [Plata] has suffered damages of $594.00 for towing charges.

18. As a result of [Martinez'] action, [Plata] has lost business income, the amount of which cannot be determined at this time.

The district court's order indicates that, at trial, Plata testified to Martinez' trespass and discussed that he operated a car repair shop out of the leased premises. When he was shut out from the property, he was no longer able to operate his business. Plata adduced evidence that he made approximately $3,800 a month from this business and was able to mitigate his damages by roughly $2,200 a month by working for other car repair companies. The evidence demonstrated that Plata was barred from operating his company for 17 months, from August 2021 until the time of trial in December 2022. Plata also adduced evidence that he paid $547.25 in order to recover the two towed vehicles that belonged to his customers.

The district court found that Plata proved his claim of trespass and damages for loss of income and towing expenses. In this decision, the court stated that "a trespasser is liable for all damages proximately caused by his or her trespass." See, 75 Am. Jur.2d § 99 (Feb. 2023);

- 5 -

Restatement (Second) of Torts §§ 162. As a result, the court awarded Plata his prior monthly take-home income of $3,800 minus the $2,200 that he was able to mitigate per month. This amounted to $1,600 for each of the 17 months he was unable to operate his business, totaling $27,200. Plata was also awarded $547.25 as damages for Martinez towing his customers' vehicles. In total, Plata was awarded $27,747.25 for his trespass claim.

We find that the district court's conclusions were reasonably supported by the record. Therefore, we find that the district court did not plainly err in finding that Plata successfully proved his trespass claim and was entitled to loss of income damages and reimbursement for the expenses incurred to recover the two towed vehicles.

## PLATA'S UNLAWFUL EVICTION CLAIM

Plata's third cause of action was for unlawful eviction. The district court construed this claim as one for wrongful eviction. The court ultimately decided that Plata cannot hold Martinez liable for wrongful eviction because Martinez was not the owner of the property and thus not Martinez' landlord. In this decision, the court stated:

> A tenant shows a cause of action for damages for wrongful eviction by averment and proof of an unexpired contract of renting, occupancy of the premises by him, eviction or dispossession by the *landlord*, and damages attributable to the eviction. *Dinkel v. Hagedorn*, 156 Neb. 419, 421, 56 N.W.2d 464, 466 (1953) (emphasis added). "Except as to acts of one deriving title from the landlord or of one who has a title paramount to that of the landlord, a tenant cannot assert the act of one other than the landlord as an eviction, unless the tenant can show that such act was authorized by the landlord either expressly or impliedly." 49 Am. Jur. 2d § 517 (Feb. 2023). "The latter can be held liable only for his or her acts, the acts of third persons acting under his or her sanctions or authority, and the acts of third persons acting under a paramount right - that is, the landlord is liable only for his or her own acts and for such acts of others as it was the landlord's duty to protect his or her tenant from." *Id.* . . . Based on this authority, in order for Plata to bring a claim for wrongful eviction against Martinez, Plata has to show that (1) Martinez was his landlord; (2) Martinez' acts were authorized by the landlord either expressly or impliedly; or (3) Martinez derives his title from the landlord or has a title paramount to the landlord.

Because Martinez did not own the property and was not acting under the direction of Lopez, the property's true owner, Plata was unable to prove the requisite elements for his claim.

We find that the district court's conclusion was reasonably supported by the record. Therefore, we find that the district court did not plainly err in dismissing Plata's claim for unlawful eviction.

## MARTINEZ' COUNTERCLAIM FOR UNPAID RENT

Martinez' counterclaim sought damages against Plata for $24,010 in unpaid rent. The district court did not find that Martinez proved this claim nor did it award him any damages associated with it. Instead, the court stated that its order did not alter or amend the finding from the 2018 lawsuit which found that Lopez still owned the property. With this finding, the court

implicitly concluded that Martinez was not entitled to Plata's rent payments because he did not possess the property.

We find this conclusion was reasonably supported by the record. Therefore, we find the district court did not plainly err in refusing to enter judgment in favor of Martinez on his counterclaim for unpaid rent.

## CONCLUSION

We conclude that the district court did not plainly err in entering judgment in favor of Plata on his claims of replevin and trespass and awarding the associated damages. Nor did the court plainly err in dismissing Plata's claim for unlawful eviction and Martinez' claim for unpaid rents. Accordingly, we affirm the ruling of the district court.

AFFIRMED.